Samuel M. Gold, J.
This is a motion brought pursuant to CPLR 6225 by Ardisco Financial Corporation and joined in by the plaintiff, Inland Credit Corporation, for an order directing the Sheriff of the City of New York to release to Ardisco certain property belonging to the defendant, which is in the possession of the Sheriff pursuant to a warrant of attachment issued *118 on Jannary 30,1963 in favor of plaintiff Inland Credit Corporation in this action. The property attached consists of eight valuable paintings. Ardisco seeks the release of seven of them for sale at auction, pursuant to the terms of an order of this court confirming an arbitration award and entering judgment thereon against the defendant George Binds in the sum of $256,017.46. Said order authorized Ardisco “ to sell, for its own account and" benefit, the paintings and sculptures listed in Exhibit A annexed hereto and to apply against the amount of this judgment the net proceeds of such sales ”. Exhibit A lists, among other art objects, the seven paintings attached by plaintiff in this action. The order and judgment in favor of Ardisco was entered and filed on January 11, 1965. It should be noted that Ardisco Financial Corporation is a wholly owned subsidiary of Inland Credit Corporation, the attaching plaintiff, and that Inland joins with it in seeking this relief.
This motion is opposed by Mme. Marcelle Marquet, who is a judgment creditor of defendant George Binds in the sum of $9,443.35. The judgment in favor of Mme. Marquet was entered on July 3, 1963 and an execution was issued thereon and delivered to the Sheriff of the City of New York on October 1, 1963.
The chronology of the orders, judgments and executions issued against the defendant and delivered to the Sheriff is essential to a determination of priority among the judgment creditors, Ardisco and Marquet (CPLB 5234, subd. [b]). There is no question that the order of attachment in favor of plaintiff Inland Credit Corporation would have priority over the subsequent Marquet judgment and execution. On the other hand, since the Marquet judgment and execution precede the Ardisco judgment by more than one year, Mme. Marquet is entitled to priority and her judgment should be satisfied before Ardisco can apply the proceeds of the sale of personal property levied upon by the Sheriff towards satisfaction of the judgment.
Ardisco contends that the order and judgment entered January 11, 1965 must be construed as an adjudication as to the ownership of the paintings; that by virtue of that order, it (Ardisco) is the owner and that defendant has only a subordinate interest in a portion of the proceeds of the sale in excess of $256,017.46. It claims, accordingly, that Mme. Marquet’s rights as an execution creditor attach only to such subordinate interest, which would be subject to the prior rights of the plaintiff Inland by virtue of its order of attachment.
The order directing the sale cannot, however, be construed as an adjudication as to the ownership of the paintings. The *119 court merely granted Ardisco a specific method of enforcement of the judgment out of the proceeds of a sale of Bluds’ property. If the property did not belong to Binds it could not be sold to satisfy a judgment against them. It nowhere appears in the order, that the court intended in any way to defeat any rights in or to the property of prior execution creditors, nor does it appear that the court was even aware that title to a portion of defendants’ property listed in the order was incumbered by the attachment order or the execution. Moreover, the court could not have granted such relief except upon notice to such prior parties. In addition, the property would not have been subject to attachment in the first place if it were not owned by Bluds. The fact that plaintiff Inland now consents to the relief sought cannot defeat the rights of an execution creditor who, although subsequent to Inland’s right to priority, has priority over Ardisco. CPLR 6225 refers to cancellation of an attachment and release of property attached, hence the relief requested herein is not merely a modification of the attachment order so as to release a portion of the property attached. Plaintiff’s consent to the cancellation of its attachment and release of the property is in effect a consent to the loss of its rights to priority over the immediately subsequent judgment creditor as to that portion of the property so released.
Accordingly, the motion is granted on condition that the judgment of Marcelle Marquet be satisfied by payment to her of the sum of $9,443.35 out of the first proceeds of the sale of the seven paintings which are the subject matter of this motion and on condition that prior to the release of such property the movant shall pay any and all Sheriff’s fees and expenses. The Sheriff shall retain possession of the one remaining painting pursuant to the order of attachment. The County Clerk is directed to cancel the notice of attachment of the seven paintings in accordance herewith.